IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RAYMERIAL S. PURL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 1:19CV00217 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Raymerial S. Purl, a person in federal custody. On June 20, 2019, Purl plead guilty before this Court to the offense of Possession with Intent to Distribute Marijuana. On September 16, 2019, this Court sentenced Purl to the Bureau of Prisons for a term of 37 months.

## Background

On February 12, 2019, a federal grand jury returned an Indictment charging Purl with one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). Case No. 1:19CR00030 SNLJ, Doc. 1, 2. Attorney Jacob A. Zimmerman was subsequently appointed by the Court to represent Purl in the case. Doc. 6, 7. On June 20, 2019, Purl pled guilty to the charge in the Indictment pursuant to a written guilty

1

plea agreement. Doc. 24. The Probation Office was ordered to prepare a presentence investigation report (PSR) prior to sentencing. Among other convictions, the Probation Office determined that Purl had at least two separate convictions for drug trafficking offenses. PSR ¶¶ 37, 41. Accordingly, Purl was designated as a Career Offender under U.S.S.G. § 4B1.1. PSR ¶ 28. As a Career Offender, the applicable advisory sentencing guideline range was determined to be 37-46 months. PSR ¶ 69. Purl did not object to the findings of the Probation Office in the PSR. Doc. 29 (Defendant's Acceptance of PSR). On September 16, 2019, this Court sentenced Purl to serve a term of 37 months imprisonment, which represented a sentence at the bottom of the guideline range. Doc. 35. Purl did not appeal his conviction or sentence.

## Purl's Section 2255 Claim

On December 2, 2019, Purl filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In his sole claim for relief, Purl asserts his conviction for violating 21 U.S.C. § 841(a)(1) is invalid because there was no "interstate nexus" to support federal jurisdiction. *See* Purl's Motion to Vacate, at 4. In Purl's view, "there must be [an] interstate component to support federal jurisdiction." *Id*. And because such a connection was lacking, Purl contends, this Court had no jurisdiction in his case. This Court will summarily deny Purl's petition without an evidentiary hearing.

In *Gonzales v. Raich*, 545 U.S. 1, 32-33 (2005), the Supreme Court held that Congress had the power to criminalize the manufacture, sale, and possession of marijuana,

even where those activities occurred only in one state. The Supreme Court explained that the Commerce Clause grants Congress the power to regulate purely local activities that are part of an economic class of activities that have a substantial effect on interstate commerce. "When Congress decides that the 'total incidence' of a practice poses a threat to a national market, it may regulate the entire class." *Id*. at 18.  The Supreme Court concluded that the prohibition of *intrastate* growth and use of marijuana was rationally related to the regulation on interstate commerce in marijuana. *Id.*

More recently, the Supreme Court reaffirmed that the "production, possession, and distribution of controlled substances constitute a 'class of activities' that in the aggregate substantially affect interstate commerce[.]" *Taylor v. United States*, 136 S.Ct. 2074, 2080 (2016) (quoting *Raich*, 545 U.S. at 22). Accordingly, "Congress possesses the authority to regulate (and to criminalize) the production, possession, and distribution of controlled substances even when those activities occur entirely within the boundaries of a single state." *Taylor*, 136 S.Ct. at 2080 (quoting *Raich*, 545 U.S. at 22). In *Taylor*, the Supreme Court concluded these principles extended to Hobbs Act robbery prosecutions where a defendant robbed or attempted to rob a marijuana dealer of his marijuana or proceeds. The Supreme Court noted that the Hobbs Act criminalizes robberies affecting "commerce over which the United States has jurisdiction." 18 U.S.C. § 1951(b)(3).  And under *Raich*, "the market for marijuana, including its intrastate aspects, is commerce over which the United States has jurisdiction." *Taylor*, 136 S.Ct. at 2080. The  Supreme Court

3

concluded that "[i]t therefore follows as a matter of simple logic that a robber who affects or attempts to affect even the intrastate sale of marijuana grown within the State affects or attempts to affect commerce over which the United States has jurisdiction." *Id*.

Simply put, Purl's assertion that "there must be [an] interstate component to support federal jurisdiction" of a prosecution for violating 21 U.S.C. § 841(a)(1) has been soundly rejected by the Supreme Court.

## CONCLUSION

For the foregoing reasons, this Court denies Purl's § 2255 petition, without a hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Purl has not made a substantial showing of the denial of a federal constitutional right.

Dated this 3rd  day of September, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

4